IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSABEMI-YE ADEDAPOIDLE-TYEHIMBA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>CRUNCH LLC., *et al.*,<br><br>    Defendants. | No. C 13-225 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY AND DEFENDANTS' MOTION TO DISMISS AND STRIKE** |

Defendants' motions to dismiss and for a stay are scheduled for a hearing on May 10, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing. The case management conference scheduled for May 10, 2013 at 2:30 p.m. will remain on calendar. For the reasons set forth below, defendants' motion to stay is GRANTED IN PART and DENIED IN PART and defendants' motion to dismiss and strike is GRANTED IN PART and DENIED IN PART. Plaintiff shall file an amended complaint by **May 10, 2013**.

## BACKGROUND

**I.**    **The instant action**

Plaintiff Osabemi-Ye Adedapoidle-Tyehimba filed the original complaint in this Court on January 16, 2013, and a first amended complaint ("FAC") on February 7, 2013. The FAC alleges that

defendants Crunch LLC, New Evolution Ventures LLC, and New Evolution Fitness Company LLC operate numerous fitness clubs throughout the United States, and that plaintiff worked as a non-exempt personal trainer in one of defendants' fitness clubs located in the Northern California. Plaintiff alleges a variety of claims stemming from defendants' alleged failure to abide by the wage and hour provisions of California and federal law by, *inter alia*, requiring personal trainers to work "off the clock," failing to reimburse for necessary business expenses, and failing to provide meal and rest breaks. The FAC alleges the following claims: (1) failure to pay wages and overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207; (2) failure to pay wages and overtime wages as required by the California Labor Code §§ 226, 226.6, 1174, 1194, 1197, and 1199; (3) failure to provide meal periods as required by California Labor Code §§ 226, 512, 516; (4) failure to provide rest periods as required by California Labor Code §§ 226.7; (5) failure to reimburse for necessary work-related expenses as required by California Labor Code §2802(c); (6) failure to provide and maintain accurate wage statements in violation of California Labor Code §§ 226, 226.3, 1174 and 1174.5; (7) failure to pay all wages due on termination in violation of California Labor Code §§ 201 and 202; and (8) violations of California Business and Professions Code §§ 17200, *et seq.*

Plaintiff seeks relief on behalf of a nationwide collective class pursuant to the FLSA, and a California class for claims under California law pursuant to Federal Rule of Civil Procedure 23.

## II. The *Rothberg* action

On April 4, 2012, a class action lawsuit was filed against defendant Crunch LLC in San Francisco Superior Court, *Rothberg v. Crunch LLC* (Case No. CGC-12-519740). The original complaint alleged all of the same California wage and hour claims as are alleged in the FAC, with the addition of a claim under the Private Attorney General Act, Cal. Lab. Code § 2699. *See* Defs' Request for Judicial Notice, Ex. C. The *Rothberg* complaint was brought as a statewide class action on behalf of personal trainers, and alleged, *inter alia*, that Crunch requires personal trainers to work "off the clock," failed to reimburse necessary business expenses, and failed to provide meal and rest breaks.

The defendants removed that case to federal court, and after the federal court remanded the action, the defendants filed a demurrer and a motion to strike. Pls' Request for Judicial Notice, Ex. 1.

On July 13, 2012, the state court issued an order sustaining a demurrer with leave to amend as to the meal and rest break claims and the waiting time penalty claims. *Id*. On July 27, 2012, the *Rothberg* plaintiffs filed a first amended complaint dropping the meal and rest break claims and the waiting time penalty claims. *Id*. After further motion practice, the parties stipulated to the filing of a second amended complaint; that complaint also omitted the meal and rest break claims.

According to defendants (and not disputed by plaintiffs), on February 13, 2013, the *Rothberg* parties attended a mediation during which they reached a settlement agreement. The settlement agreement, which is awaiting preliminary approval of the state court, releases *all* California and federal wage and hour claims on behalf of the putative class members, including unpled claims under the FLSA and the dismissed California meal and rest break claims. Kemple Decl. Ex. 2. The *Rothberg* settlement class is defined as all current and former personal trainer, group fitness instructor and Pilates instructor employees who were employed in California from April 4, 2008 to the present. *Id*. The *Rothberg* settlement releases all FLSA and state claims unless a class member opts out of the settlement.

### III.   The *Aghili* action

On October 9, 2012, a collective and class action lawsuit was filed in the United States District Court for the Southern District of New York entitled *Aghili v. Crunch LLC*, Case No. 12 CIV 7536-PAC (S.D.N.Y.). Defs' Request for Judicial Notice, Ex. B. The complaint alleges a claim under the FLSA for failure to pay overtime and also alleges wage and hour claims under New York law. *Id*. The *Aghili* complaint alleges that the named plaintiff worked for Crunch as a non-exempt Corporate Sales Assistant from 2004 to 2006, and that in 2006 she was promoted to Corporate Sales Administrator. The complaint alleges that Crunch classified the Corporate Sales Administrator position as exempt and therefore not eligible for overtime pay. The complaint alleges that the named plaintiff's work duties did not include managerial responsibilities and that her primary job function did not require the exercise of independent judgment. The FLSA claim is brought as a collective action on behalf of "all persons who are or were formerly employed by Crunch during the Statutory Period and who were nonexempt employees within the meaning of the FLSA and who were not paid overtime premium pay, in violation of the FLSA." *Id*. ¶ 44.

# DISCUSSION

## I. Defendants' motion to stay

### A. First-to-file

Defendants move to stay the FLSA claim pursuant to the first-to-file rule based on the *Aghili* action pending in New York. The first-to-file rule was developed to "serve the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods, Inc*., 946 F.2d 622, 625 (9th Cir.1991), quoting *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir.1979). Under the first-to-file rule, a district court may transfer, stay or dismiss an action when a similar action has been filed in another federal district court. *See Alltrade*, 946 F.2d at 625-26. When deciding whether to apply the first-to-file rule, the court must look at three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues. *Id.*

The Court finds that the first-to-file rule does not apply here because the factual allegations of the *Aghili* complaint indicate that the *Aghili* FLSA collective action challenges misclassification of employees as exempt from overtime pay, while the FLSA claim in this case is based on allegations of "off the clock" work by personal trainers. Defendants argue that the two cases involve identical FLSA claims because both cases allege the denial of overtime wages in violation of the FLSA, and both complaints are brought on behalf of the same classes: "all current and former non-exempt hourly employees who worked for Crunch" in this case, and "all persons who are or were formerly employed by Crunch during the Statutory Period who were non-exempt employees" in *Aghili*. While it is true that the broad class allegations of the *Aghili* complaint, read in isolation, appear identical to the collective class allegations in this case, when the *Aghili* class allegations are read in the context of the complaint as a whole, it becomes clear that the nature of the FLSA claims alleged in the two cases is different.

Accordingly, the Court DENIES defendants' motion to stay the FLSA claims based on the first-to-file rule. Defendants may renew their motion if developments in the *Aghili* case show that the FLSA collective class claim in that case is in fact similar to the FLSA claim alleged in this case.

### B. Abstention

Defendants move to stay the California wage and hour claims pursuant to several abstention

4

doctrines, including the *Colorado River* doctrine. The *Colorado River* doctrine represents an exception to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). Generally, considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" may counsel granting a stay when there are concurrent state proceedings involving the same matter as in the federal district court. *Id.* at 817-18.

A court must consider and weigh several factors when determining the propriety of a stay in favor of state proceedings. These include: (1) whether either court has asserted jurisdiction over a *res* or property; (2) the relative inconvenience of the forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained and the progress of such proceedings; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the rights of the parties. *See Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 21-22 (1983); *Colorado River*, 424 U.S. at 817-19; *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989). The court's determination rests on a "careful balancing of the important factors as they apply" to the facts of the specific case before the court. *Cone*, 460 U.S. at 16. Therefore, "[t]he weight to be given any one factor may vary greatly from case to case." *Id.* However, the balance is "heavily weighted in favor of the exercise of jurisdiction." *Id.*

Defendants contend the *Colorado River* factors weigh in favor of a stay because *Rothberg* was filed before this case, involves the same state law claims, and has resulted in a classwide settlement that is awaiting approval by the state court judge. Defendants argue that "each of the Plaintiff's California causes of action will be subsumed by the preceding State Action once settlement is approved, such that adjudication of Plaintiff's claims will constitute duplicative litigation, and will waste judicial resources." Motion at 7:14-16.

Plaintiff opposes a stay of the state claims on several grounds. First, plaintiff contends, confusingly, that the *Rothberg* settlement's release of unpled FLSA claims by state law opt-out procedures (as opposed to FLSA opt-in procedures) violates federal law, and that because the proposed *Rothberg* settlement cannot dispose of the FLSA claims in this case, abstention is inappropriate. As an initial matter, this argument does not address the propriety of staying plaintiff's *state law* claims, and

5

defendants' *Colorado River* abstention arguments are directed at the state claims, not the FLSA claim. In any event, the Court has determined that at this stage of the litigation, plaintiff's FLSA claim may proceed, and the validity of the release of FLSA claims in *Rothberg* is a question to be resolved by the state court judge in the first instance.[1]

Plaintiff also argues that the *Rothberg* settlement covers a smaller group of employees (personal trainers, group fitness instructors, and Pilates instructors) than this case because plaintiff seeks to represent a class of all hourly paid employees who worked in Crunch fitness clubs in California. However, as defendants note, the single named plaintiff in this case worked as a personal trainer, and plaintiff's opposition does not identify the other types of hourly employees beyond personal trainers (or group fitness instructors and Pilates instructors) who he seeks to represent. Regardless, at a minimum there is significant (if not identical) overlap between the employees in the California class in *Rothberg* and the California class alleged in this case.

The Court concludes that the *Colorado River* factors favor staying the state law claims. The Court notes that several of the factors are of little, if any relevance, to this dispute. As to the first factor, despite defendants' contention, the proposed settlement does not constitute "*res* or property" over which the state court has asserted jurisdiction. The second factor – the relative inconvenience of the forum – is also neutral because both cases are pending in San Francisco. However, the remaining factors weigh heavily in favor of a stay, at least pending the state court's approval or rejection of the settlement. On the third factor, the California wage and hour claims covered by the *Rothberg* settlement include the same California wage and hour claims alleged in the FAC, and thus a stay will avoid duplicative litigation. The fourth factor – the order in which jurisdiction was obtained and the progress of such proceedings – favors a stay as the state action was filed over eight months before this case and has reached a settlement which is pending court approval. Finally, state law controls the claims at issue, and there is no reason to believe that the state proceeding is not adequate to protect the rights of the putative class members, as they will have the opportunity to object to the settlement and to opt-out.

---

[1] The Court notes that even if the FLSA release by the California class members is determined to be valid, this case seeks to represent a nationwide FLSA collective class, while the *Rothberg* case is limited to California.

6

Accordingly, the Court GRANTS defendants' motion to stay the state claims pending further developments in *Rothberg*. The Court will address case management issues with the parties at the May 10, 2013 case management conference.

## II. Defendants' motion to dismiss and to strike Rule 23 class allegations

Defendants also move to dismiss the complaint for failure to state a claim. With regard to all claims, defendants argue that the complaint fails to allege which of the three defendants was plaintiff's employer, and instead lumps all three entities together as "Crunch." Defendants argue that the complaint contains conclusory allegations that the defendants are a "joint employer," and that they are each other's "agents" and "alter egos," but that the FAC does not contain any factual allegations in support.

In response, plaintiff argues that "it is neither necessary nor appropriate to speculate on defendants' contentions who is or is not the proper 'employer' at the pleading stage as that will require a fact-based inquiry into the merits." Opposition at 9 :13-15. Plaintiff argues that the complaint meets the pleading requirements under the federal rules. Plaintiff's opposition also mentions unpled facts, such as information regarding defendant New Evolution Ventures found on www.crunch.com, or from the *Rothberg* settlement.

The Court concludes that the FAC's allegations regarding each defendant are too imprecise and conclusory. The FAC alleges that each defendant "owns and operates a chain of health and fitness facilities in this district and throughout the United States," FAC ¶¶ 19-21, but there are no allegations that any defendant owned and operated the facility where plaintiff worked (indeed, the FAC does not state which Northern California facility plaintiff worked at). The FAC does not contain any facts in support of the allegations that defendants are "joint employers," "agents" or "alter egos." While plaintiff need not plead detailed allegations regarding the relationship between the defendants, presumably plaintiff has some factual basis for seeking to hold each of the defendants liable. Accordingly, the Court GRANTS this aspect of defendants' motion and GRANTS plaintiff leave to amend to clarify and amplify the allegations regarding the three defendants.

Defendants also argue that the FLSA claim is insufficiently pled because there are no factual

allegations in support of the claims that plaintiff and the FLSA class members worked "off the clock" and that defendants failed to include all required remuneration when calculating the regular rate of pay for purposes of paying overtime.[2]

Defendants' characterization of the FAC is incorrect. While the FAC does not contain detailed factual allegations, the FAC does allege that "Plaintiff and other Class Members were required to perform work 'off-premise' attending certification/continuing education exams for which they were not being compensated," and that " Plaintiff and other Class Members are also required to perform work 'off the clock' before and after their actual training sessions, which includes but is not limited to, time spent 'programming' (i.e. creating a member-specific program tailored to meet the member's health and fitness needs) for Defendants' club members for which they were not paid." FAC ¶ 7. The FAC also alleges that "Defendants regularly payed Plaintiff and Class Members only for the length of the time of the actual training sessions they conducted rather than their actual hours worked, which included additional hours associated with the training. Additionally, Plaintiff and Class Members were required to attend company meetings and were not paid for the travel time to and from those meetings." *Id*. With regard to the calculation of the regular rate of pay, the FAC alleges that "Defendants paid Plaintiff and other Class Members an hourly wage and other compensation, including but not limited to commission pay, session pay and non-discretionary bonus pay but failed to properly include such other compensation when calculating the regular rate of pay, a predicate calculation to determine overtime wages owed under both Federal and California law." *Id*. ¶ 8. The Court concludes that the FAC sufficiently alleges a factual basis for the FLSA claim and thus DENIES this aspect of the motion.

Defendants move to strike the Rule 23 class allegations on the ground that a Rule 23 class is inherently irreconcilable with plaintiff's FLSA collective action. The Ninth Circuit recently rejected this contention in *Busk v. Integrity Staffing Solutions, Inc*., ___ F.3d ___, 2013 WL 1490577 (9th Cir. Apr. 12, 2013), and accordingly the Court DENIES this aspect of defendants' motion. Defendants also contend that the Rule 23 class allegations are defective because, *inter alia*, the class is overbroad, plaintiff is not alleged to be typical of the class, and plaintiff has not alleged commonality as required

---

[2] Defendants also contend that plaintiff's state law claims are insufficiently pled. In light of the stay of the state claims, the Court does not reach these arguments at this time.

8

by *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). In light of the stay of plaintiff's state law claims, this aspect of defendants' motion is DENIED WITHOUT PREJUDICE to renewal if the stay is lifted.

## CONCLUSION

For the foregoing reasons, defendants' motions are GRANTED IN PART and DENIED IN PART. Docket Nos. 17 & 18. Plaintiff shall file an amended complaint by **May 10, 2013**.

**IT IS SO ORDERED.**

Dated: May 3, 2013

SUSAN ILLSTON
United States District Judge