1  Omel A. Nieves, Esq., SBN 134444
       nieves@huntortmann.com
2  Katherine J. Odenbreit, Esq., SBN 184619
       odenbreit@huntortmann.com
3  Alison C. Gibbs, Esq., SBN 257526
       gibbs@huntortmann.com
4  HUNT ORTMANN PALFFY
   NIEVES DARLING & MAH, INC.
5  301 North Lake Avenue, 7th Floor
   Pasadena, California 91101-1807
6  Phone:  (626) 440-5200    Fax:  (626) 796-0107

7  Attorneys for Plaintiff, Osabemi-YeAdedapoidle-
   Tyehimba, and all others similarly situated

8

9              UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12  OSABEMI-YE ADEDAPOIDLE-          Case No. CV 13-00225 SI
    TYEHIMBA, an individual; on behalf of
13  himself and all others similarly situated,   **[CLASS ACTION]**

14              Plaintiff,              The Honorable Susan Illston, Courtroom 10

15       vs.                           **SECOND AMENDED COMPLAINT FOR
                                        DAMAGES AND DEMAND FOR TRIAL
16  CRUNCH, LLC, a Delaware limited liability   BY JURY**
    company; NEW EVOLUTION VENTURES,
17  LLC, a Delaware limited liability company;
    and NEW EVOLUTION FITNESS
18  COMPANY, LLC, a Delaware limited liability
    company; and DOES 1 through 100, inclusive,
19
20              Defendants.

21

22

23

24

25

26

27

28

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

Plaintiff Osabemi-Ye Adedapoidle-Tyehimba (also referred to herein as "Plaintiff" and/or "Plaintiff Tyehimba"), on behalf of himself and all others similarly situated as referenced herein, allege as follows:

## NATURE OF ACTION

1.      This action is brought by Plaintiff Tyehimba  individually and on behalf of all other similarly situated current and former employees of Defendants Crunch LLC, New Evolution Ventures LLC, New Evolution Fitness Company Crunch LLC and Does 1 through 100, Inclusive (collectively, "Defendants" ) as a nationwide collective action pursuant to 29 U.S.C. §216 (b) for claims under the Fair Labor Standards Act ("FLSA") and a California statewide class action pursuant to Federal Rules of Civil Procedure, Rule 23 for claims under California law to recover, among other things: unpaid minimum wages; unpaid overtime compensation; unpaid additional pay for Defendants' failure to provide meal and rest periods to California-based employees; unreimbursed work related expenses incurred by California-based employees; unpaid statutory amounts for Defendants' failure to provide accurate wage statements to California-based employees; restitution of unlawfully withheld wages from California-based employees; waiting time penalties; reasonable attorney's fees and costs of suit.

2.      The foregoing acts and other acts by Defendants have violated provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et .seq* ("FLSA"), and its implementing regulations, the California Labor Code, including sections 201, 202, 203, 204, 226, 226.7, 510, 512,  1174, 1194, 1198 and 2802  (collectively the "California Labor Laws"), the applicable Wage Orders issued by the Industrial Welfare Commission of the State of California ("California Wage Regulations"), violated California's Unfair Business Practices Act, California Business & Professions Code sections 17200, *et seq*., and Class Members' rights.

3.      Plaintiff seeks to represent two classes of current and former employees of Defendants (herein referred to collectively as "Class Members") which are defined as follows:

FLSA Class:  Plaintiff and all current and former non-exempt hourly employees who worked for Defendants in the United States at any time from three years preceding the

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

2

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

1  filing of the complaint  and continuing through entry of judgment (the "FLSA Class

2  Period" and/or "FLSA Class).

3  <u>California Class</u>: Plaintiff and all current and former non-exempt hourly employees who

4  worked for Defendants in the State of California at any time from four years

5  preceding the filing of the complaint and continuing through entry of judgment  (the

6  "California Class Period" and/or California Class).

7  [FLSA Class and California Class Collectively referred to as "Class Periods" and/or Class

8  Members]

9  **GENERAL ALLEGATIONS**

10      4.     Plaintiff is informed and believes and, based thereon, alleges that, within the Class

11  Periods, Defendants operated and continue to operate numerous fitness clubs throughout the

12  United States and in California.  In doing so, Defendants have employed hundreds, if not

13  thousands, of non-exempt hourly paid employees.

14      5.     Defendant Crunch LLC employed Plaintiff as a personal trainer to perform

15  personal fitness training and to sell personal training packages in Defendants' health and fitness

16  clubs.  Plaintiff was paid on an hourly basis for his personal training services.  Plaintiff's

17  compensation plan also included session pay (i.e., a certain percentage of the session rate assigned

18  to personal trainers for sessions trained),  as well as commissions for, among other things, selling

19  training sessions and non-discretionary performance-related bonus pay.

20      6.     As a result of Defendants' company-wide policies, practices, procedures, customs,

21  protocols, routines, or other factors common to members of the FLSA Class and California Class,

22  Plaintiff and other members of the FLSA Class and California Class allege that they were

23  compelled to, and did, routinely work over eight hours per day and over forty hours per week, off-

24  the-clock, to perform various tasks, including but not limited to servicing Defendants' fitness club

25  members without any compensation.  At all times relevant to this action, Defendants maintained a

26  work atmosphere that pressured and discouraged Plaintiff and other Class Members from

27  recording all hours worked.

28      7.     Plaintiff is informed and believes and, based thereon, alleges that at all times herein

mentioned, Defendants knew or reasonably should have known that Plaintiff and Class Members were performing work off the clock and that they had a duty to compensate Plaintiff and Class Members for this time at their proper pay rates as required by both Federal and California law but failed to do so. For example, Plaintiff and other Class Members were required to perform work "off-premise" attending certification/continuing education programs, and studying for certification/ continuing education exams for which they were not being compensated. Plaintiff and other Class Members are also required to perform work "off the clock" before and after their actual training sessions, which includes but is not limited to, time spent "programming" (i.e. creating a member-specific program tailored to meet the member's health and fitness needs) for Defendants' club members for which they were not paid. Defendants regularly paid Plaintiff and Class Members only for the length of the time of the actual training sessions they conducted rather than their actual hours worked, which included additional hours associated with the training. Additionally, Plaintiff and Class Members were required to attend company meetings and were not paid for the travel time to and from those meetings.

8. As a result of Defendants' company-wide policies, practices, procedures, customs, protocols, routines, or other factors common to members of the FLSA Class and California Class, Plaintiff and other members of the FLSA Class and California Class allege that Defendants paid Plaintiff and other Class Members an hourly wage and other compensation, including but not limited to commission pay, session pay and non-discretionary bonus pay but failed to properly include such other compensation when calculating their regular rate of pay, a predicate calculation to determine overtime wages owed under both Federal and California law.

9. As a result of Defendants' company-wide policies, practices, procedures, customs, protocols, routines, or other factors common to members of the California Class, Plaintiff and other members of the California Class allege that Defendants failed to actually relieve them of all duty, relinquish control over their activities, and permit them a reasonable opportunity to take an uninterrupted 30-minute period in the first five hours of their shifts. Plaintiff and other members of the FLSA Class and California Class also allege that they were pressured, discouraged, impeded and encouraged by Defendants to forgo their meal periods. For example, during the relevant time

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

period, Plaintiff and other Class Members were regularly required by Defendants to schedule back to back sessions (each session scheduled for 60 minute intervals) during their shifts preventing them from taking 30 minute uninterrupted meal periods during which they were relieved of all work-duties within the first five (5) hours of their shifts.

10.     As a result of Defendants' company-wide policies, practices, procedures, customs, protocols, routines, or other factors common to members of the California Class, Plaintiff and members of the California Class allege that Defendants failed to provide California Class Members with their legally mandated rest periods.  Specifically,  Plaintiff and members of the California Class allege that Defendants' stated uniform written policy applicable to all Defendants' full time employees in California fails to "authorize and permit" non-exempt employees who work at least 3½ hours to take 10-minute, paid rest periods for every four hours of work or "major fraction thereof".  Plaintiff is informed and believes and, based thereon, alleges that, within the California Class Period, Defendants' policies and practices fail to comply with California's Employment Laws and Regulations which set forth the timing and frequency of rest periods as it only entitles its employees to two (2) ten (10)-minute rest periods each day, with one rest period to be scheduled in the first half of the employee's shift and one in the second half and as such fails to give full effect to the "per 4 hours or major fraction thereof" language as required under California law.

11.     As a result of Defendants' company-wide policies, practices, procedures, customs, protocols, routines, or other factors common to members of the California Class, Plaintiff and other members of the California Class allege that they were required by Defendants to incur work-related expenses for, among other things, maintaining fitness education certifications for providing personal training services to Defendants' club members, which were not reimbursed by Defendants.

12.     As a result of Defendants' company-wide policies, practices, procedures, customs, protocols, routines, or other factors common to members of the California Class, Plaintiff and other members of the California Class further allege that Defendants intentionally and knowingly failed to provide accurate wage statements, and willfully failed to pay all wages due in the final

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7™ FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

1   pay to Plaintiff and California Class Members who are no longer employed by Defendants.

2   Plaintiff is informed and believes and, based thereon, alleges that these violations are continuing

3   to this day.

4         13.     Plaintiff is informed and believes and, based thereon, alleges that, despite the

5   existence of California and Federal laws, Defendants knowingly decided to operate their business

6   in a way that violates these laws. In addition, this defiance from the law has provided Defendants

7   with an advantage over their competitors and has disadvantaged their workers by electing not to

8   pay them for all hours worked, including premiums and overtime. Plaintiff and Class Members are

9   informed and believe and, based thereon, allege that Defendants knew of these facts and the law,

10  yet, nonetheless, repeatedly authorized and encouraged the violation of these laws.

11  **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

12        14.     This Court has subject matter jurisdiction over this action pursuant to U.S.C. §§

13  1331 and 1343(3) as the controversy arises under "the constitution, laws or treaties of the United

14  States;" specifically, the claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§

15  201 *et seq.,* ("FLSA"). Additionally, this Court has the authority to determine Plaintiff's state

16  claims pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.

17        15.     The Northern District of California has personal jurisdiction over the parties in this

18  matter. Defendants are each a Delaware Limited Liability Company, operating throughout the

19  state of California, including in San Francisco County, and are registered as business entities

20  engaged in commerce within the State of California with the California Secretary of State.

21  Additionally, Defendants employed Plaintiff and other similarly situated persons within California

22  and San Mateo County, as well as in other counties throughout California, and certain acts and

23  omissions which are outlined in this Complaint, took place within California.

24        16.     Venue is proper in this district under 28 U.S.C. Section 1391 as Defendants

25  conduct business and operate stores in the County of San Francisco and a substantial part of the

26  events or omissions giving rise to these claims occurred in this district.

27        17.     Pursuant to Civil L-R 3.2(c), intradistrict assignment in San Francisco is proper

28  because the unlawful conduct that gives rise to these claims occurred in the County of San

Francisco.

### PARTIES

18.     Individual and Representative Plaintiff Osabemi-Ye Adedapoidle-Tyehimba (also known as "Osa Tyehimba") is a resident of Douglas County, in the State of Georgia.   During the statutory period, Plaintiff Tyehimba was employed from approximately 2010 through 2012 by Defendant Crunch LLC as a hourly-paid, non-exempt personal trainer (or similar job title) and worked at a Crunch fitness club located in San Mateo, California.  Plaintiff Tyehimba brings his claims on behalf of himself and others similarly situated as set forth below.

19.     Plaintiff is informed and believes and, based thereon, alleges that Defendant Crunch LLC is a Delaware Limited Liability Company with its headquarters in New York and owns and operates a chain of health and fitness facilities in this district and throughout the United States, including in the State of California.

20.     Plaintiff is informed and believes and, based thereon, alleges that Defendant New Evolution Ventures LLC is a Delaware Limited Liability Company with its headquarters in Northern California and owns and operates a chain of health and fitness facilities in this district and throughout the United States, including in the State of California.

21.     Plaintiff is informed and believes and, based thereon, alleges that Defendant New Evolution Fitness Company LLC is a Delaware Limited Liability Company with its headquarters in Northern California and owns and operates a chain of health and fitness facilities in this district and throughout the United States, including in the State of California.

22.     Plaintiff is informed and believes and, based thereon, alleges that Defendants operate at least forty (40) fitness club locations nationwide including in the following states: California, Connecticut, Florida, New Jersey, New York, Oregon, Texas, Virginia, and Washington.[1]  Plaintiff is informed and believes and, based thereon, alleges that Defendants operate at least twenty-one (21) fitness clubs throughout the State of California.

---

[1] see http://www.crunch.com, "locations" link.

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

SECOND AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR TRIAL BY
JURY

23.    The true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names.  Plaintiff shall amend this Complaint to allege their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and,  based upon that information and belief alleges, that the defendants named in this Complaint, including DOES 1 through 100, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

24.    According to Defendant New Evolution Ventures LLC's website the company focuses on the acquisition, development, management and operation of fitness entities.[2]   The Crunch fitness club website states that the Crunch fitness clubs where Plaintiff and similarly situated employees worked are co-owned by Defendant New Evolution Ventures LLC.[3]   Plaintiff is informed and believes and, based thereon, alleges that Defendants New Evolution Ventures LLC and/or New Evolution Fitness Company LLC through their co-ownership with Defendant Crunch LLC manage and oversee the operations of Defendant Crunch LLC,  Plaintiff's direct employer.  Plaintiff further alleges that Defendants New Evolution Ventures LLC, New Evolution Fitness Company LLC and Defendant Crunch LLC share a common management team, including officers, and/or directors and senior management level employees.

25.    Plaintiff is informed and believes and, based thereon, alleges that at all relevant times each defendant (including fictitiously-named defendants), directly or indirectly, or through agents or other persons, employed Plaintiff and Class Members, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and, based thereon, alleges that said defendants were joint-employers of Plaintiff and Class Members.  At all times relevant to this action, Plaintiff and Class Members have, directly or indirectly, performed services

---

[2] http://www.nev.com.

[3] http://www.crunch.com/about-us/history-and-philosophy/?redirect=/about-us/history-and-philosophy/

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

to each of defendant, and to the mutual benefit of all defendants. Plaintiff is informed and believes and, based thereon, alleges that at all relevant times, each defendant (including fictitiously-named defendants) was the principal, partners, joint venturer, successor in interest and/or predecessor in interest of some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and, based thereon, alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled and abetted the conduct of all other defendants.

26.     Plaintiff is informed and believes and, based thereon, alleges that there exists, and at all relevant times there has existed, a unity of interest and ownership between each defendant and Defendant Crunch LLC such that any separateness and individuality between them have ceased, and they are the alter-egos of Defendant Crunch LLC.  Adherence to the fiction of the separate existence of said defendants and Defendant Crunch LLC  would permit abuse of any corporate privilege, sanction fraud and promote injustice.

### FLSA COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff brings this action pursuant to 29 U.S.C. §216 (b) for claims under FLSA on behalf of themselves and the FLSA Class as defined above, and those who elect to opt-in to this action.

28.     Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Class were not paid premium overtime compensation for all hours worked beyond 40 per workweek.

29.      All of the work that Plaintiff and the FLSA Class have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Class have performed.

30.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Class. This policy and pattern or practice includes, but is not limited to: (a) willfully failing to pay its employees, including Plaintiff and the FLSA Class premium overtime

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

wages for hours that they worked in excess of 40 hours per workweek; and (b) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Class, have worked for the benefit of Defendants.

31.     Defendants' unlawful conduct, as described herein, is pursuant to a corporate policy or practice of failing to record all hours employees work.

32.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked off the clock in excess of 40 per workweek.

33.     Plaintiff and the FLSA Class perform or performed the same primary duties required of their respective job classifications.

34.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## THE CALIFORNIA CLASS ALLEGATIONS

35.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of themselves and the California Class as defined above.

36.     Numerosity: the members of the California Class are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the entire class is unknown to Plaintiff at this time; however, it is estimated that the entire class is greater than 300 individuals, but the identity of such membership is readily ascertainable via inspection of the personnel records and other documents maintained by Defendants.

37.     Typicality: Plaintiff's claims are typical of the claims of the California Class Members.  Plaintiff and the members of the class sustained damages arising out of Defendants' common policies and practices, as outlined herein. Plaintiff, like the other Class Members: (i) routinely worked more than 40 hours per workweek, and more than eight hours per workday during the  period covered by this action and were routinely denied their rightfully earned overtime pay; (ii) routinely worked "off the clock" and were routinely denied their rightfully earned wages for all hours worked; (iii) received an hourly wage and other compensation such as commission and bonus pay which were not included in determining their regular rate of pay for overtime owed; (iv) were routinely denied lawful meal and/or rest periods; (v) were required to

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

incur work related expenses, which expenses were not reimbursed by Defendants; and (vi) formerly employed Class Members were not paid all wages due upon termination of employment. Plaintiff performed similar duties and had similar responsibilities as the other Class Members in their specified job classifications.

38. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member. Plaintiff has no interest that is adverse to the interests of the other Class Members.

39. <u>Common Questions Predominate</u>: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, but are not limited to, the following:

a. Whether Defendants policies, practices and/or procedures resulted in the failure to pay Plaintiff and California Class members for all hours worked at the appropriate pay rates;

b. Whether Defendants failed to provide legally required meal periods to Plaintiff and California Class Members who worked shifts in excess of six (6) hours.

c. Whether Defendants failed to authorize and permit Plaintiff and California Class Members who worked shifts in excess of three and one-half hours (3 ½) their legally required rest periods;

d Whether Defendants' rest period policy is an illegal rest period policy violating California Labor Laws and applicable California Wage Regulations;

e. Whether Defendants violated California Labor Laws and applicable California Wage Regulations by failing to properly factor performance based incentives into overtime pay calculations for Plaintiff and Other California Class Members;

f. Whether Defendants violated California Labor Laws and applicable California Wage Regulations by failing to timely pay hourly and overtime wages, and compensation for denied meal and rest periods due and owing, including their final paychecks, at the time that Plaintiff and any other California Class Member's employment with Defendants terminated;

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

g.      Whether Defendants violated California Labor Laws and applicable California Wage Regulations by unlawfully and/or willfully failed to fully indemnify Plaintiff and California Class members for expenditures incurred in direct   consequence of the discharge of their duties; and

h.      Whether Defendants violated <u>Business & Professions Code</u> §17200, *et seq.* due to their ongoing violations of the Labor Code.

40.     <u>Superiority</u>: Class action adjudication is superior to other available methods because a class action will achieve economies of time, effort, and expense as compared to separate lawsuits, and avoid inconsistent outcomes, because the same issues can be adjudicated in the same manner for the entire class.  Further, this case involves a corporate employer and a large number of individual employees possessing claims with common issues of law and fact. If each employee were required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

41.     <u>Public Policy Considerations</u>: Employers throughout the United States as well as California violate wage and hour laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive that their former  employers can damage their future endeavors through negative references and other means. Class actions provide the Class Members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights. Additionally, if and where Class Members have suffered damages in relatively small amounts, individual lawsuits would be uneconomical and Defendants might otherwise escape liability for their wrongdoing.

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

**FIRST CAUSE OF ACTION**

**[Unlawful Failure To Pay Wages & Overtime Wages]**

**[Plaintiff And The FLSA Class Against All Defendants]**

42.     Plaintiff, individually and on behalf of all employees similarly situated, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

43.     Plaintiff brings this action on behalf of himself and the other members of the proposed FLSA Class as a collective action pursuant to 29 U.S.C. § 216(b), under the FLSA, 29 U.S.C. § 201 *et seq.*

44.     At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed all members of the proposed FLSA Class as "employees" within the meaning of the FLSA.  At all relevant times, each Defendant has had gross operating revenues in excess of $500,000.

45.     Pursuant to 29 CFR § 778.106, Defendants are required to pay overtime compensation earned in a particular workweek on the regular pay day for the period in which such workweek ends. When the correct overtime compensation cannot be calculated until after the regular payday, then the FLSA requires that the overtime payment be made as soon after the regular payday as is practicable, but no later than the next pay day after the computation can be made.

46.     At all times relevant to this action, Defendants maintained and enforced policies and practices of refusing to pay Plaintiff and FLSA Class Members for overtime hours worked in excess of forty (40) hours in a workweek.  For example:  Plaintiff and Class Members were regularly and customarily expected to work extra hours "off the clock".  Working such hours was and is required of all Class Members in order to perform and to complete the mandatory tasks or meet the goals assigned to them by Defendants.  Defendants encouraged and permitted Plaintiff and Class Members to work off the clock, and knew or reasonably should have known, their employees were working more than 40 hours in a workweek off the clock and failed to pay them

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

all overtime compensation at their legally mandated rates.

47.   At all times relevant to this action, Defendants maintained and enforced policies and practices of failing to pay overtime compensation at the proper rate of pay one and one-half times the regular rate to Plaintiff and all other persons similarly employed by Defendants in California and throughout the United States.  Specifically, Defendants failed to include all required remuneration into its calculation of Plaintiff and FLSA Class Members' regular rate of pay when paying overtime owed.

48.   At all relevant times, Defendants willfully, regularly and repeatedly failed to make, keep, and preserve accurate records required by the FLSA with respect to Plaintiff and the other FLSA Class members, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiff and the other FLSA Class members.

49.   Plaintiff is informed and believes and thereon alleges that Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and FLSA Class Members all overtime wages as required by 29 U.S.C. § 207.  Defendants engaged in this practice throughout the three-year statute of limitations that applies to this action pursuant to 29 U.S.C. § 255.

50.   Therefore, at all times relevant, Defendants operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Plaintiff and FLSA Class Members overtime compensation at the rates required by the FLSA, 29 U.S.C. § 207 for work performed in excess of forty (40) hours per workweek to which they were and are entitled.  Plaintiff further alleges Defendants knew or showed reckless disregard for whether or not their conduct was prohibited by the FLSA.

51.   As alleged herein, Defendants do not pay Plaintiff and Class Members all overtime earned and owed.  As a result, Defendants have failed to comply with 29 U.S.C. § 207(a)(I).

52.   Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants unlawful conduct notified of the pendency of this action and join this action as plaintiff, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

SECOND AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR TRIAL BY
JURY

53. As a result of the foregoing, the Representative Plaintiff seeks judgment against Defendant on his own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including overtime wages owed by Defendants to the Representative Plaintiffs and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, and reasonable attorneys' fees as provided for under 29 U.S.C. §§ 206, 207(a), and 216(b) and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### [Unlawful Failure To Pay Wages & Overtime Wages]

### [Plaintiff And The California Class Against All Defendants]

54. Plaintiff, individually and on behalf of all employees similarly situated, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein. Pursuant to Labor Code sections 226, 226.6, 1174, 1194, 1194.2, 1197, and 1199, it is unlawful for an employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") wage order, including but not limited to failing to keep records of and correctly report hours worked.

55. Pursuant to IWC Wage Order 4, section 2(k), "hours worked" include the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

56. Labor Code § 1198 provides it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission, or under conditions prohibited by the applicable IWC Wage Orders.

57. At all times herein relevant §§ 510,558, 1194 and 1198 of the Labor Code and the applicable regulations provide for payment of overtime wages equal to one and one-half (1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day, or forty (40) in a work week, and for payments of overtime wage equal to double the employee's regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

excess of eight (8) hours on the seventh (7th) day of work in any one work week.

58.     Labor Code §1194 provides that, notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or has not been paid overtime compensation as required by Labor Code §1198 and Title 8 of the California Code of Regulations, §11040, may recover, in a civil action, the unpaid balance of the full amount of such minimum wage or overtime compensation, including interest thereon, together with reasonable attorney's fees and costs of suit.

59.     During their employment with Defendants, Plaintiff and the members of the California Class were required to work in excess of eight (8) hours per day and/or in excess of forty (40) hours per week without payment of overtime wages and other benefits.

60.     At all times relevant herein, Defendants maintained and enforced uniform policies, practices and/or procedures of refusing to pay Plaintiff and California Class Members for all hours worked.  For example: Plaintiff and California Class Members were regularly and customarily expected to work extra hours "off the clock".   Working such hours was and is required of all Class Members in order to perform the employer-mandated tasks and/or to meet the goals required of them by Defendants.  Defendants encouraged and permitted Plaintiff and California Class Members to work off the clock, and knew or reasonably should have known, that off the clock hours were being worked and that Defendants failed to pay them compensation at their legally mandated rates.  During all relevant periods, Defendants required Plaintiff and California Class Members to work in excess of 40 hours per week and/or 8 hours per day and failed to compensate them for these hours at the proper regular rate of pay as it did not include all legally required earnings into its calculation when paying overtime owed.

61.     The duty to pay overtime compensation imposed by California law expresses a fundamental state policy affecting the health and welfare of its citizens. Defendants' failure to compensate Plaintiff and the California Class Members at overtime rates was a breach of the duties Defendants owed to Plaintiff and the California Class, in violation of fundamental state policy.

62.     As a result of the unlawful acts of Defendants, Plaintiff and the Classes they seek to

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

represent have been deprived of regular wages, minimum wages, and/or overtime wages (either in quantity of hours or rate of pay) in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and statutory penalties thereon, and attorneys' fees, and costs under Labor Code §1194 and such other legal and equitable relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

**[Unlawful Failure To Provide Employees With Required Meal Periods]**

**[Plaintiff And The California Class Against All Defendants]**

63.     Plaintiff, individually and on behalf of all employees similarly situated, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

64.     Section 226.7 of the Labor Code provides that no employer shall require any employee to work during any meal period mandated by an applicable order of the Industrial Welfare Commission. That section goes on to provide that, if an employer fails to provide an employee a meal period in accordance to the applicable Wage Order, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

65.     Labor Code, Section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes, where the employee works a shift of more than six hours, or for a work period more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.

66.     The applicable Wage Order(s) provide that, "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...."

67.     In addition, Section 4 of the applicable Wage Orders governing Records, mandates that "(A) Every employer shall keep accurate information with respect to each employee including the following ...(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded."

68.     The California Supreme Court in *Brinker Restaurant Corp. v. Superior Court*

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

(2012) 53 Cal.4th 1004 issued its long awaited decision clarifying the standard regarding ant employer's duty to "provide" a meal period. Specifically, an employer satisfies this obligation only if it 1) relieves its employees of all duty; 2) relinquishes control over their activities; 3) permits them a reasonable opportunity to take an uninterrupted 30-minute period; and 4) does not impede or discourage them from doing so.  (*Brinker*, 53 Cal. 4th at 1040.)  *Brinker* instructs that "wage orders and governing statute do not countenance an employer's exerting coercion against the taking of, creating incentives to forego, or otherwise encouraging the skipping of legally protected periods." (*Id.*)

69.    At all times relevant herein, Defendants routinely failed to provide California Class Members, including Plaintiff, with their legally mandated meal periods. Plaintiff, as well as other California Class Members, were generally not provided with a reasonably opportunity to take a full non-working thirty-minute meal break within the first five (5) hours of their work shifts in excess of six hours, free from Defendants' control.  Defendants have willfully prevented and discouraged, and continue to prevent and discourage, Plaintiff and California Class members from taking meal periods. Plaintiff and Class Members worked shifts in  excess of six hours, yet they were often deprived of meal breaks within the first five hours of their shifts.  Further, Defendants failed to accurately record meal breaks for Plaintiff and Class Members.

70.    At all times relevant herein, Defendants routinely failed to pay the California Class Members including Plaintiff, an additional hour of pay at the employees' regular rate for Defendants' failure to provide the legally required meal periods.

71.    As alleged herein, the California Class Members, including Plaintiff, are not exempt from the meal period requirements of the California Labor Laws and Regulations.

72.    Defendants thus required the California Class Members, including Plaintiff, to work under conditions prohibited by order of the Industrial Welfare Commission, in violation of those orders.

73.    The extra compensation for missed meal periods constitutes "wages" for purposes of Labor Code §§ 200-203.

74.    As a result of Defendants' failure to comply with the Meal Period regulations set

1  forth in the applicable California Wage Regulations and Labor Code §226.7, each California Class

2  Member, including Plaintiff, is entitled to compensation for one hour of pay at each California

3  Class Member's, including Plaintiff's, regular rate for each work shift longer than six hours during

4  which they were not provided their mandated meal periods since three (3) years prior to the filing

5  of this Complaint through date of judgment and interest from the time the compensation was due

6  and payable, at the maximum legal rate, and attorney fees, as well as all appropriate penalties.

7  ## FOURTH CAUSE OF ACTION

8  **[Unlawful Failure To Provide Employees With Required Rest Periods]**

9  **[Plaintiff And The California Class Against All Defendants]**

10  75.    Plaintiff, individually and on behalf of all employees similarly situated, re-alleges

11  and incorporates by reference all of the allegations in the preceding paragraphs of this complaint

12  as though fully set forth herein.

13  76.    Section 226.7 of the Labor Code provides that no employer shall require any

14  employee to work during any rest period mandated by an applicable order of the Industrial

15  Welfare Commission. That section goes on to provide that, if an employer fails to provide an

16  employee a rest period in accordance to the applicable Wage Order, the employer shall pay the

17  employee one (1) additional hour of pay at the employee's regular rate of compensation for each

18  work day that the rest period is not provided.

19  77.    Labor Code §226.7(a) also provides that "[N]o employer shall require any

20  employee to work during any meal or rest period mandated by an applicable order of the Industrial

21  Welfare Commission."

22  78.    Section 12 of the applicable Wage Regulations issued by the Industrial Welfare

23  Commission of the State of California provides that: "Every employer shall authorize and permit

24  all employees to take rest periods, which insofar as practicable shall be in the middle of each work

25  period. The authorized rest period time shall be based on the total hours worked daily at the rate of

26  ten (10) minutes net rest per four (4) hours or major fraction thereof."

27  79.    At all times relevant herein, Defendants routinely failed to authorize and permit the

28  California Class Members, including Plaintiff, to take rest periods during their work shifts in

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

SECOND AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR TRIAL BY
JURY

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

1   accordance with the timing and frequency requirements set forth under the California Labor Laws

2   and Regulations, and further failed to compensate the California Class Members, including

3   Plaintiff, for said missed rest periods, as required by California Labor Code § 226.7 and the other

4   applicable sections of the California Labor Laws and Regulations.

5          80.     Defendants failed to authorize and permit Plaintiff and California Class Members

6   to take rest periods as required by law. Plaintiff and Class Members are therefore entitled to

7   payment of additional wages as provided by law.

8          81.     As alleged herein, the California Class Members, including Plaintiff, are not

9   exempt from the rest period requirements of the California Labor Laws and Regulations.

10          82.     Defendants thus required the Class Members, including Plaintiff, to work under

11   conditions prohibited by order of the Industrial Welfare Commission, in violation of those orders.

12          83.     The extra compensation for missed rest periods constitutes "wages" for purposes of

13   Labor Code §§ 200-203.

14          84.     As a result of Defendants' additional failure to comply with the Rest Period

15   regulations set forth in the applicable California Wage Regulations and Labor Code §226.7, each

16   California Class Member, including Plaintiff, is entitled to compensation for one hour of pay at

17   each California Class Member's, including Plaintiff, regular rate for each day that the employee

18   was not authorized or permitted to take a required rest period since three (3) years prior to the

19   filing of this Complaint through the date of judgment and interest from the time the compensation

20   was due and payable, at the maximum legal rate, and attorney fees, as well as all appropriate

21   penalties.

22   **FIFTH CAUSE OF ACTION**

23   **[Failure To Reimburse For Necessary, Work Related Expenses]**

24   **[Plaintiff And The California Class Against All Defendants**

25          85.     Plaintiff, individually and on behalf of all employees similarly situated, re-alleges

26   and incorporates by reference all of the allegations in the preceding paragraphs of this complaint

27   as though fully set forth herein.

28          86.     Labor code section 2802(a) provides that "an employer shall indemnify his or her

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

1   employee for all necessary expenditures or losses incurred by the employee in direct consequence

2   of the discharge of his or her duties…".

3        87.     In order to discharge their job duties for Defendants, Plaintiff and California Class

4   Members were required and expected by Defendants to pay out of their own money, for including

5   but not limited to, expenses incurred by personal trainers relating to maintaining fitness education

6   certifications for providing personal training services to Defendants' club members, and other

7   expenses, which were required for the employees to perform their jobs. However, Defendants did

8   not pay for or otherwise reimburse Plaintiff and Class Members for all necessary expenditures

9   incurred in the discharge of their duties for Defendants.

10       88.     Plaintiff and the Class they seek to represent are entitled to reimbursement for these

11  necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802(c).

### SIXTH CAUSE OF ACTION

### [Unlawful Failure To Provide & Maintain Accurate Wage Statements]

### [Plaintiff And The California Class Against All Defendants]

15       89.     Plaintiff, individually and on behalf of all employees similarly situated, re-alleges

16  and incorporates by reference all of the allegations in the preceding paragraphs of this complaint

17  as though fully set forth herein.

18       90.     Labor Code §§ 226, 226.3, 1174 and 1174.5 and IWC Wage Orders provide that

19  employers must keep records and provide employees with itemized wage statements showing

20  totals hours worked and applicable rates of pay in effect during the pay period with the

21  corresponding number of hours worked at each hourly rate.

22       91.     Defendants knowingly and intentionally failed to include on Plaintiff's and

23  California Class Members' itemized wage statements hours actually worked and applicable hourly

24  rates of pay and the corresponding number of hours worked at each hourly rate of pay in violation

25  of 226(a)(2) and (9), respectively.  Defendants pressured Class Members to conform their actual

26  arrival and departure times to their scheduled shifts and not the actual hours worked when

27  Defendants knew or should have known Plaintiff and Class Members worked outside their

28  scheduled hours  and not including accurate rates of pay for all hours worked.  As a result,

1   Defendants have at no time kept any semblance of the payroll records required by law.

2       92.     Plaintiff and the California Class Members were injured by Defendants' failure to

3   provide accurate and complete information as required in Subsections (2) and (9) of Labor Code

4   226(a) in that they are/were not able to promptly and easily determine from the wage statement

5   alone the total hours worked and all applicable hourly rates of pay with the corresponding number

6   of hours worked.  Plaintiff and the California Class Members were further injured in that

7   Defendants' failure to pay all compensation due resulted in a shortfall of deposits in their social

8   security accounts, state and federal disability benefits and other required employee and/or

9   employee tax obligations for both State and Federal purposes. Plaintiff and the California Class

10  Members were also deprived of income and related benefits, including retirement benefits related

11  to actual wages earned. Also, Defendants' failure to comply with Labor Code section 226(a)

12  hindered California Class Members from determining the amounts of wages actually owed to them

13  without reference to other documents or information, significant effort and cost to Plaintiff and

14  California Class Members.

15      93.     Defendants knowingly and intentionally failed to furnish Plaintiff and the

16  California Class Members with timely, itemized statements showing the total hours worked and

17  applicable hourly rates of pay, as required by Labor Code §226(a).

18      94.     As a result, Defendants are liable to Plaintiff and the California Class Members for

19  the amounts provided by Labor Code §226(e) as well as the assessment of any statutory penalties

20  against these Defendants in a sum as provided by the Labor Code and/or other statutes, and

21  reasonable costs and attorneys' fees.

22                          **SEVENTH CAUSE OF ACTION**

23          **[Unlawful Failure To Pay All Wages Due In A Timely Manner]**

24          **[Plaintiff And The California Class Against All Defendants]**

25      95.     Plaintiff, individually and on behalf of all employees similarly situated, re-alleges

26  and incorporates by reference all of the allegations in the preceding paragraphs of this complaint

27  as though fully set forth herein.

28      96.     Pursuant to California Labor Code §§ 201 and 202, upon Plaintiff's and each

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

22

SECOND AMENDED COMPLAINT FOR
DAMAGES AND DEMAND FOR TRIAL BY
JURY

California Class Member's respective termination date, Defendants were required to pay Plaintiff and each California Class Member all earned wages either immediately or within seventy two (72) hours of an employee's notice of quitting employment.  At the time each formerly employed California Class Member, including Plaintiff, terminated their employment with Defendants, each Class Member, including Plaintiff, was owed, but not paid, wages and overtime wages for work performed off the clock, and premium pay wages for Defendants' failure to provide legally mandated meal or rest periods.

97.     Labor Code §203 provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits. This penalty consists of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed the equivalent of thirty (30) days.

98.     During the relevant time period, Defendants failed to pay formerly employed California Class Members, including Plaintiff, all wages due upon termination of the employment relationship or within seventy-two (72) hours of their resignation with Defendants.  Defendants' failure to pay the formerly employed Class Members, including Plaintiff, all their respective wages due and owed to them at the time of the terminated employment relationship or within seventy-two (72) hours of their resignation with Defendants was willful and done with the wrongful and deliberate intention of injuring formerly employed California Class Members, including Plaintiff, and was done with improper motives amounting to malice, and in conscious disregard of the rights of the formerly employed California Class Members, including Plaintiff.

99.     Defendants' willful failure to pay Plaintiff and other formerly employed California Class Members all wages due and owing each of them constitutes violations of Labor Code §§201 and/or 202, thereby providing that each formerly employed California Class Member's, including Plaintiff's, wages will continue as a premium pay up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other formerly employed Class Members are each entitled to penalty wages pursuant to Labor Code §203.

HUNT ORTMANN PALFFY NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

## EIGHTH CAUSE OF ACTION

### [Unfair Competition And Unfair Business Practices]

### [Plaintiff And The California Class Against All Defendants]

100.    Plaintiff, individually and on behalf of all employees similarly situated, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

101.    Business & Professions Code §17200 (also referred to herein as the "UCL" or "Unfair Business Practices Act") prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

102.    Business & Professions Code §17204 allows "any person acting for the interests of itself, its members of the general public" to prosecute a civil action for violation of the UCL.

103.    Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing of the complaint in this action, Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions §17200, by engaging in including but not limited to the following:

a.    Failing to pay all wages owed including regular, overtime and minimum wages owed to Plaintiff and the California Class as described above;

b.    Failing and refusing to provide required uninterrupted non-working meal and rest periods to California Class Members, including Plaintiff, in violation of California Labor Laws and Regulations, as described above;

c.    Failing to pay California Class Members, including Plaintiff, an additional hour of compensation at their regular rate of pay for each day that California Class Members, including Plaintiff, were not provided with a meal period, as described above;

d.    Failing to pay California Class Members, including Plaintiff, an additional hour of compensation at their regular rate of pay for each day that California Class Members, including Plaintiff, were not authorized or permitted to take a rest period, as described above;

e.    Failing to reimburse California Class Members, including Plaintiff, for necessary work related expenses they were required to incur as part of their jobs;

f. Failing and refusing to maintain required records pertaining to California Class Members, including Plaintiff, as described above;

g. Failing to provide accurate itemized wage statements, as described above;

h. Failure to pay compensation earned and due to California Class Members, including Plaintiff, in a timely manner upon their termination or within seventy-two (72) hours of resignation of employment with Defendants, as described above; and

i. The violation of these laws serve as unlawful predicate acts and practices for purposes of California Business and Professions Code §17200 *et seq.*. As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains in the amount of those unpaid wages, including unpaid overtime compensation and compensation for missed meal periods, and un-reimbursed business expenses owed to Plaintiff and California Class Members.

104. As a result of these actions, Plaintiff, on information and belief, alleges that the Defendants are able to unfairly compete with other comparable companies in the State of California by not paying wages in violation of Business and Professions Code, §§17000 *et seq.* and §§17200 *et seq.* Due to these unfair, fraudulent and/or unlawful business practices, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California.

105. The victims of these unfair, fraudulent and/or illegal business practices include, but are not limited to, the California Class Members, competing fitness center operators in the State of California, and the general public. Plaintiff is informed and believes and thereon alleges that Defendants performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, California Class Members, other competitors, and the general public.

106. Plaintiff's success in this action will enforce important rights affecting the public interest. In this regard, Plaintiff sue on behalf of the public as well as on behalf of himself and others similarly situated.

107. Plaintiff, on behalf of himself and all Class Members, request restitution of all

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7ᵀᴴ FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

1   wages and monies wrongfully retained by Defendants for its: failure to pay wages, including

2   minimum and overtime wages; failure to provide accurate itemized wage statements; failure to

3   provide adequate meal and rest periods; failure to provide wages earned and unpaid promptly upon

4   termination or resignation; failure to reimburse for work-related expenses in a sum according to

5   proof, for the in violations of Business and Professions Code sections 17000 *et seq.* and 17200 *et*

6   *seq.* since four years prior to filing the complaint in this action and any other appropriate remedy.

7   All remedies are cumulative pursuant to Business and Professions Code section 17205.

8      108.   Plaintiff has assumed the responsibility of enforcement of the laws and lawful

9   claims specified herein. There is a financial burden incurred in pursuing this action which is in the

10   public interest. Therefore, attorneys' fees and litigation costs are appropriate pursuant to Code of

11   Civil Procedure §1021.5.

### PRAYER FOR RELIEF

13      WHEREFORE, Plaintiff, on behalf of himself and all Class Members, pray for judgment

14   against Defendants and each of them, jointly and severally, as follows:

15      a.   For compensatory damages in an amount according to proof representing the

16         amount of unpaid compensation owed;

17      b.   For compensatory damages according to proof for reimbursement of all

18         expenses incurred;

19      c.   For all statutory damages according to proof;

20      d.   For such general, special and liquidated damages, including all damages alleged

21         above;

22      e.   For prejudgment interest at the maximum legal rate on any compensation found

23         due from the day such amounts were due until paid in full;

24      f.   For costs and reasonable attorney's fees pursuant to  29 U.S.C.§ 216(b), the Labor

25         Code and the Code of Civil Procedure and any other applicable laws, rules, order

26         and regulations, including but not limited to, <u>Labor Code</u> section 1194, subdivision

27         (a), <u>Labor Code</u> section 2802  and the <u>California Civil Code</u> section 1021.5;

28      g.   For statutory interest, liquidated damages and penalties;

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

h.   That each Defendant, jointly and/or severally, pay restitution of sums to Plaintiff and each Class Member for its past failure to pay monies owed as required by law including regular, minimum, overtime and premium pay, over the last four years, including withholding taxes, matching funds, social security, Medicare, unemployment and workers' compensation premiums in an amount according to proof;

i.   For an injunction requiring Defendants to pay all statutorily required wages and cease the unlawful and unfair business activity described herein; and

j.   For such other and further relief as the court deems just and appropriate.

DATED: May 10, 2013                     HUNT ORTMANN PALFFY
                                        NIEVES DARLING & MAH, INC.


                              By: _____
                                        ALISON GIBBS
                              Attorneys for Plaintiff, Osabemi-Ye Adedapoidle-
                              Tyehimba, and all others similarly situated

Hunt Ortmann Palffy
Nieves Darling & Mah, Inc.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the operative complaint.

DATED: May 10, 2013

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.


By: _____
ALISON GIBBS
Attorneys for Plaintiff, Osabemi-Ye Adedapoidle-Tyehimba, and all others similarly situated

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

551394.1 AGIBBS 3732.029

28

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY