UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSABEMI-YE ADEDAPOIDLE-TYEHIMBA,<br><br>Plaintiff,<br><br>v.<br><br>CRUNCH, LLC, et al.,<br><br>Defendants. | Case No. 13-cv-00225-WHO<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED REQUEST FOR EQUITABLE TOLLING** |

## INTRODUCTION

On September 17, 2013, the Court ordered the parties to submit letter briefs regarding plaintiff Osabemi Tyehimba's request for equitable tolling of prospective plaintiffs' claims under the Fair Labor Standards Act ("FLSA"). Having reviewed the parties' submissions, the Court orders potential plaintiffs' FLSA claims tolled as of September 17, 2013.

## BACKGROUND

Tyehimba alleges that he worked as a non-exempt personal trainer in a fitness club operated by defendant Crunch, LLC. Tyehimba alleges that Crunch, LLC violated the FLSA and various state laws by requiring employees to work "off the clock," failing to reimburse for necessary business expenses, and failing to provide meal and rest breaks. Tyehimba seeks to represent a nationwide collective action pursuant to the FLSA.

On May 3, 2013, the Court stayed the state law causes of action pending developments in a class action lawsuit filed against Crunch, LLC on April 4, 2012 in San Francisco Superior Court, *Rothberg v. Crunch LLC*, Case No. CGC-12-519740, alleging the same California wage and hour claims stated in this action. Dkt. No. 39. On May 10, 2013, the parties agreed to stay discovery on the FLSA claim pending finalization of a settlement in *Rothberg*. *Id*.

1    On July 9, 2013, Judge Ernest Goldsmith of the San Francisco Superior Court denied the motion for preliminary approval of a class action settlement filed by Crunch, LLC and the other parties in the *Rothberg* action, noting that "the inclusion of the release of FLSA claims in the proposed class settlement exceeds the scope of the Second Amended Complaint. The proposed notice is insufficient as it does not apprise the putative class members of the existence of the federal action involving FLSA claims." *See* http://sfsuperiorcourt.org/online-services, Case No. CGC 12-519740, Register of Actions. Judge Goldsmith granted a subsequent joint motion for preliminary approval of class action settlement on September 11, 2013. *Id.* The hearing for final approval of the settlement in the *Rothberg* action has been set for December 9, 2013.

On June 28, 2013, Tyehimba moved for equitable tolling of this action. The Court denied the motion by Order on August 9, 2013 because, contrary to Tyehimba's argument, Crunch, LLC had done nothing inappropriate to impede the litigation and Tyehimba had joined in or at least acquiesced in the request to stay this case, pending decision in *Rothberg*. *Adedapoidle-Tyehimba v. Crunch, LLC*, 13-CV-00225-WHO, 2013 WL 4082137, *8-9 (N.D. Cal. Aug. 9, 2013) (Dkt. No. 59). However, the Court expressed concern about the impact of the length of the stay on potential class members, indicated a willingness to reconsider the matter, and set a Case Management Conference for September 17, 2013. *Id.* at *8 n.5. At that conference, the parties discussed the status of the *Rothberg* action and agreed to meet and confer further regarding equitable tolling.

Unable to reach agreement, the parties articulated their positions to the Court by letter on September 27, 2013. Dkt Nos. 63, 64. Tyehimba requests that prospective non-California plaintiffs' FLSA claims be equitably tolled from May 10, 2013, the date FLSA discovery was stayed.

## DISCUSSION

Under some circumstances, a court may equitably toll otherwise applicable statutes of limitations. "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon,* 165 F.3d 1238,

1242 (9th Cir. 1999).

Tyehimba argues that "the stay on non-California FLSA discovery awaiting resolution of a California only settlement" is an extraordinary circumstance beyond his control which warrants equitable tolling of the FLSA claims. Dkt. No. 64 at 3-4. In contrast, Crunch, LLC argues that equitable tolling is not appropriate because Tyehimba "cannot identify even a single person who has sought to exercise his rights in this action . . . and somehow has been blocked from doing so." Dkt. No. 63 at 2-3.

The Court agrees that the stay of FLSA discovery in this matter is an extraordinary circumstance beyond Tyehimba's control that warrants equitable tolling. FLSA discovery has been stayed since May 10, 2013 pending resolution of the *Rothberg* matter. Approval of the *Rothberg* settlement was delayed when the Superior Court rejected the initial motion for preliminary approval of the class settlement filed by Crunch and the other parties in that case. If not for the discovery stay prompted by *Rothberg*, Tyehimba would presumably have conducted FLSA discovery and moved for conditional certification of a class, a prerequisite to notice.

It is beside the point that Tyehimba has not identified prospective plaintiffs whose FLSA claims have lapsed. To the extent that Tyehimba can identify prospective plaintiffs, he has presumably informed them of this action and, if interested, those prospective plaintiffs have filed consents to join in this action, as several have done. *See* Dkt. Nos. 26, 33, 42, 46, 54. But because FLSA discovery is stayed, Tyehimba has been hindered in his ability to move for conditional certification, before which a FLSA defendant is not required to provide potential plaintiffs' contact information to a plaintiff. *See Adedapoidle-Tyehimba*, 2013 WL 4082137, *8. For this reason, Crunch, LLC's argument that "[i]f tolling were granted in this action, it would have to be granted in every case as soon as the FLSA action is filed" is wrong. Dkt. No. 63 at 6. Tyehimba is asking for equitable tolling because FLSA discovery in this case is stayed as a result of *Rothberg,* not because the FLSA action was filed.

The cases cited by Crunch, LLC, of which only *Veliz v. Cintas Corp.*, C03-1180 SBA, 2007 WL 841776, *5 (N.D. Cal. Mar. 20, 2007), involved denial of equitable tolling of FLSA claims, do not warrant a different result. In *Veliz*, the Court rejected the plaintiffs' argument that

3

"[b]y agreeing to a facilitated notice that told plaintiffs their consent to sue forms would be timely if filed by October 21, 2004, [the defendant] effectively represented to opt-in plaintiffs that they could timely commence their FLSA actions by filing their consent to sue forms by that specific deadline," regardless of when the alleged violation occurred. *Id.* The Court expressed that this argument "borders on frivolity," noting that the notice at issue stated that "Claims for overtime under the FLSA must be filed, if at all, within two years after a wage violation (or within three years if the violation was willful as defined by law). Any claims for overtime pay under federal law not filed within these limits are likely to be denied as untimely." *Id.* Unlike *Veliz*, in this case, circumstances beyond Tyehimba's control have prevented him from moving for conditional certification and, thus, filing opt-in notices on time. The other authorities cited by Crunch, LLC do not relate to circumstances comparable to those present here.

For the reasons set forth above, the Court grants equitable tolling from the date of the most recent Case Management Conference, September 17, 2013, for the prospective non-California plaintiffs' FLSA claims. The Court will not toll to an earlier date for the reasons set forth in its August 9, 2013 Order. *See Adedapoidle-Tyehimba*, 2013 WL 4082137, *8-9 (Dkt. No. 59).[1]

## CONCLUSION

For the foregoing reasons, the Court ORDERS that prospective non-California plaintiffs' FLSA claims shall be tolled from September 17, 2013. The parties shall meet and confer by

---

[1] Crunch, LLC has requested that the Court "instruct Hunt Ortmann to take down its misleading website, and cease solicitations of the *Rothberg* putative class." Dkt. No. 63 at 3 n.7. It would be inappropriate for plaintiffs' counsel to solicit putative class members in *Rothberg*, as plaintiffs' counsel recognized during a hearing before Judge Goldsmith. While the use of the term "California Class Action" on the Hunt Ortmann website could be confusing since there are two California class actions filed against Crunch LLC, without evidence that individuals have been confused about the two cases and that the lawyers of Hunt Ortmann have not fulfilled their duty of candor to those individuals to explain the differences between the two cases, this Court will not make any order with respect to the website.

1  December 16, 2013 and file a joint case management statement by December 23, 2013, including

2 an update on the status of the *Rothberg* settlement. The Court will hold a further case

3 management conference on January 7, 2014.

4  **IT IS SO ORDERED**.

5 Dated: October 10, 2013



_____
WILLIAM H. ORRICK
United States District Judge